UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| William Rodriguez Burgos<br><br>    Plaintiff<br><br>v.<br><br>Global Parking Services LLC<br><br>    Defendant | **CIVIL ACTION** |

## COMPLAINT

1.  This is a civil rights action by plaintiff William Rodriguez Burgos ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

    > Estacionamiento First Bank (Muñoz Rivera)
    > Muñoz Rivera Avenue
    > San Juan, Puerto Rico
    > 18.405384, -66.056836
    > (hereafter "the Facility")



2. Plaintiff seeks injunctive and declaratory relief, attorney fees and costs, against Global Parking Services LLC, a limited liability company under the laws of Puerto Rico (hereinafter collectively referred to as "Defendant" or "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA").

## JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. All actions complained of herein take place within the jurisdiction of the United States District Court for the District of Puerto Rico, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

6. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

7. Plaintiff has an unsteady gait because of the following condition and/or disease: multiple sclerosis. Consequently, Plaintiff is "physically disabled," as defined by all applicable United States laws, and a member of the public whose rights are protected by these laws. Permanent handicapped parking permit issued by the Commonwealth of Puerto Rico: 2060921.

## FACTS

8. The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce. Plaintiff

lives in Carolina, Puerto Rico, approximately 25 minutes away from the Facility by motor vehicle. Prior to instituting this action, Plaintiff visited the Facility over two (2) times.

9. Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or around March 21, 2017.

   a) There is no signage indicating where the accessible parking spaces are located.
   b) There is no adequate signage at many parking spaces.
   c) There is no van-accessible parking space with an adjacent van accessible access aisle and proper signage.
   d) There is no car-accessible parking space with an adjacent car-accessible access aisle.
   e) There is no adequate accessible route from the parking spaces to the purportedly accessible entrance. The purportedly accessible route is obstructed.
   f) The service counter at the Facility (adjacent to the purportedly accessible parking spaces) was extremely high. Accordingly, Plaintiff feel deterred from conducting any transactions at the service counter.

10. The barriers identified in paragraph 9 herein are only those that Plaintiff personally encountered. It is Plaintiff's intention to have all barriers which exist at the Facility and relate to her disabilities removed to afford her full and equal

access. Specifically, Plaintiff is aware of the following barriers which exist at the Facility and relate to her disabilities:

a) This property fails to comply with section with: total number of parking space, ADA Section 208 – Table 208.2.

b) This property fails to comply with: *Location of accessible parking spaces*. Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance.

c) A properly configured route of travel is not provided from the building entrance/exit to exterior participation areas.

d) A properly configured accessible route is not provided from the public right of way to the designated accessible building entrance.

e) Where running slopes along exterior route of travel exceed 1:20, route does not comply with requirements for a proper ramp.

f) Cross slopes along exterior route of travel exceed the maximum allowable.

g) Designated accessible parking stalls and access aisles exceed the maximum allowable slope.

h) Changes in vertical level within access aisles and along exterior route of travel exceed the maximum allowable height.

i) The exterior route of travel is less than the minimum required width in some areas as a result of policies and procedures in which shopping carts and other movable objects constitute obstructions.

j) Proper identifying pavement markings are not provided at the designated accessible parking stalls and access aisles, as the markings are faded.

k) Proper identifying signage is not provided at each designated accessible parking stalls.

> l) The designated accessible parking stalls and access aisles are less than the required minimum depth.
>
> m) Proper wheel stops to prevent parked vehicles from encroaching into the route of travel are not provided.
>
> n) The exterior landing at the building entrance exceeds the maximum allowable slope.
>
> o) The flares of the curb ramp near the entrance of the garage are not properly marked and exceeds the slope requirements.
>
> p) Proper clear floor area and maneuvering space is not provided at counter near the purportedly accessible parking spaces.
>
> q) The fire extinguisher exceeds the maximum allowable height.

11. Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff needs the goods and services offered at the Facility, a garage, and will return to the Facility once the barriers are removed to conduct business at First Bank Auto Division.

12. Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair or walker access and to comply with the 2010 Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

14. Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliance state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## CAUSE OF ACTION

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment

(or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

22. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

23. The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

25. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

26. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

28. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such

    modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs or limited mobility

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable

by, individuals who use wheelchairs or individuals with limited mobility, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. Payment of costs of suit;

D. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

E. The provision of whatever other relief the Court deems just, equitable and appropriate.

**CAUSE OF ACTION II**
**Puerto General Tort Statute:**
**ART. 1802 – Puerto Rico Civil Code**

31. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above with the same force and effect as if herein set forth.

32. On or about March 21, 2017, Plaintiff went onto Defendant's premises to visit First Bank Auto Division when he was caused to slip and fall as a result of lack of accessible facilities that are fully ADA compliant. Because there was no signage indicating where the accessible parking spaces were located, plaintiff was forced to take an alternate route with stairs, which had no proper handrails, and when he was caused to slip and fall.

33. Defendant knew, or, in the exercise of reasonable care should have known, of the condition, or Defendant created the condition either through the acts of its employees, in its willful lack of maintenance of its facilities, or in its willful method of operation in noncompliance with the ADA, and Defendant should have corrected the condition or

warned Plaintiff of its existence. Additionally, Defendant should have had non-slip surface which will would have prevented the fall which resulted from a foreseeable condition.

34. As a direct and proximate result of the negligence of the Defendant, or defendant's willful disregard to the ADA, Plaintiff suffered a bodily injury, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and humiliation as a disabled person who was wronged by defendant's noncompliance with the ADA Standards.

35. The Plaintiff invoke the doctrine of pendant jurisdiction and diversity jurisdiction.

36. The Plaintiffs request a trial by jury on all issues triable by jury.

**WHEREFORE**, Plaintiff pray for damages against the defendant in a sum of money in excess of Seventy-Five Thousand Dollars ($75,000.00), plus their costs of this action, attorney fees, and any other such other relief to be deemed just and equitable.

RESPECTFULLY SUBMITTED,

/S/JOSE CARLOS VELEZ-COLÓN, ESQ.
USDC-PR NO.: 231014
jcvelezcolon@gmail.com

PO BOX 2013
BAYAMON PR 00960

TEL: (787) 599-9003

*Attorney for Plaintiff*